NO. 07-10-00505-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
DECEMBER 29, 2010
--------------------------------------------------------------------------------

 
 IN RE TOMMY DOMINGUEZ, RELATOR
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Relator, Tommy Dominguez, has filed a "Motion to File Extraordinary Mandamus" requesting this Court "conduct a (sic) evidentiary hearing, make findings of fact and conclusions of law, . . . and reverse and remand for a new trial . . . ." We deny the petition.
Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this court. Dominguez has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Dominguez does not list the names of the parties against whom he seeks mandamus relief apart from the identification of Judge William D. Smith of the 84[th] Judicial District Court of Hutchinson County in the "History of the Case" portion of his petition. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Dominguez's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Dominguezs petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Dominguezs petition does not contain a statement of the case, and does not contain a concise description of the nature of the underlying proceeding. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Dominguez's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Dominguez's petition does not include a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Dominguez's argument is reasonably clear and concise. However, the citations to legal authority included in the argument relate only to the general requirements for mandamus relief rather than supporting the relief that he seeks by his petition. Rule 52.3(i) requires the petition include a short conclusion that "clearly states the nature of the relief sought." Dominguez's conclusion requests this Court to "conduct a (sic) evidentiary hearing, make findings of fact and conclusions of law, . . . and reverse and remand for a new trial . . . ." Clearly, as a reviewing court, we will not conduct an evidentiary hearing nor make findings of fact and conclusions of law. Further, we are aware of no authority that would allow this Court to utilize its mandamus authority to reverse a judgment and remand the case for a new trial and Dominguez fails to identify any authority for such action. Rule 52.3(j) requires the person filing the petition to certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Dominguez did not certify his petition. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Dominguez has not included an appendix to his petition. As each of these items are required in a petition for writ of mandamus and Dominguez has failed to comply with these requirements, we may not grant the relief that he requests.
As Dominguezs petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.

 Mackey K. Hancock
 Justice